UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN ANDREW KRIPINSKI,

Plaintiff,

v.

CAPTAIN G. PETERS, et al.,

Defendants.

Case No. 3:25-cv-00097-ART-CLB

ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO EXTEND

Before the Court is *pro se* Plaintiff Brian Andrew Kripinski's objection (ECF No. 37) to Magistrate Judge Carla Baldwin's order (ECF No. 34) denying Mr. Kripinski's motion to extend the discovery deadline (ECF No. 31). For the reasons outlined below, the Court OVERRULES Mr. Kripinski's objection.

**I. Standard of Review**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)). "The reviewing court may not simply substitute its judgment for that of the deciding

court." *Grimes*, 951 F.2d at 241.

**II. Analysis**

Mr. Kripinski's objection arises out of his civil rights suit primarily alleging that officials at the Humboldt County Detention Center violated his constitutional rights. (ECF No. 5.) Mr. Kripinski filed a motion to extend the discovery deadline by 90 days, arguing that good cause exists for further discovery because he learned the identities of new potential witnesses and defendants at his deposition. (ECF No. 31 at 1-2.) He also sought additional time to, among other things, obtain counsel, witness declarations, and the disciplinary records of certain defendants. (*Id.* at 2-3.) In response, Defendants challenged Mr. Kripinski's primary assertion, as a basis for finding good cause, that he had discovered new information requiring further discovery at his own deposition. (ECF No. 32 at 3.) On reply, Mr. Kripinski argued that he had acted diligently throughout discovery, that he needed time to determine the relevance of the newly identified witnesses and defendants to his claims, and that an extension was warranted in part because Defendants had not answered the discovery requests he had served following the deposition. (ECF No. 33 at 2-3.) That deposition was held on March 26, 2026 (ECF No. 41 at 2), one day before the deadline to serve discovery (ECF No. 27).

Judge Baldwin issued an order denying the motion to extend for lack of good cause. (ECF No. 34.) She found that Mr. Kripinski failed to show that he had acted with the diligence required to justify the extension because he did not demonstrate why the supposedly new information that emerged at his deposition was significant or why he could not have discovered it earlier. (*Id.* at 1.)

The Court concludes that Judge Baldwin's order was neither "clearly erroneous" nor "contrary to law." 28 U.S.C. § 636(b)(1)(A). A pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine whether good cause justifies a modification, "[t]he central inquiry . . . is whether the requesting party was diligent in seeking the

amendment." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings*, 870 F.3d 978, 989 (9th Cir. 2017); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (1992) ("If that party was not diligent, the inquiry should end."). The objected-to order applied the correct standard, (ECF No. 34 at 1), and was thus not contrary to law. Nor was it clearly erroneous to conclude that the requested extension was not supported by good cause where Mr. Kripinski neglected to explain what new information he had identified at his own deposition, why that information was not previously discoverable, or how these additional witnesses and defendants could impact his case. (ECF Nos. 31 and 33.)

**III. Conclusions**

It is therefore ordered that Mr. Kripinski's objection (ECF No. 37) to Judge Baldwin's order is OVERRULED.

Dated this 14th day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE